

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

October 7, 1964    *affirmed lee C-401*

Honorable Robert S. Calvert          Opinion No. (C-328)
Comptroller of Public Accounts
Austin, Texas                        Re: Whether Article 10.03(3)
                                         V.C.S. requires a supplier
                                         to collect the tax on all
                                         special fuels delivered to
                                         statutorily defined dealers
                                         or users who are not bonded,
                                         or whether it requires the
                                         supplier to collect the tax
                                         only on deliveries made to
                                         dealers and users who are
                                         acting in the capacity of
                                         non-bonded dealers or non-
                                         bonded users as classified
                                         by Article 10.11(1), V.C.S.
Dear Mr. Calvert:                        and related questions.

        We quote your letter requesting the opinion of this
office on the above captioned matter:

        "We desire the opinion of your office as to
the following questions involving the sales of
special fuels to 'users' as that term is defined.

        "'User', as defined by Article 10.02(8),
'means and includes every person who delivers
any special fuels into the fuel supply tanks
of motor vehicles owned or operated by him.
"User" also means any person who imports special
fuels into this State in fuel supply tanks of
motor vehicles owned or operated by him.'

        "'Supplier', as defined by Article 10.02(6),
'means any person who delivers special fuels to
dealers or users (including locations of the
supplier) for redelivery by them into the fuel
supply tanks of motor vehicles.'

-1564-

Honorable Robert S. Calvert, Page 2     Opinion No. (C-328)

"Article 10.03(3), provides that, 'Every supplier shall collect the tax, at the rate imposed, on each gallon of special fuels delivered to non-bonded dealers or users and shall report and pay to this State the tax so collected. . . .'

"Article 10.06, provides in part as follows: 'Except in the case of tax-paid deliveries into the fuel supply tanks of motor vehicles, it is unlawful to make bulk sales of special fuels to any person who (1) is not licensed as a supplier, or (2) is not licensed as a dealer or user of special fuels, or (3) does not furnish a signed statement that none of the special fuels purchased will be delivered by him or permitted by him to be delivered into the fuel supply tanks of motor vehicles.'

"Article 10.09, provides that, 'Every person defined herein as a supplier, dealer or user shall secure from the Comptroller the kind and class of permit required herein to act in such capacities or to perform such functions.'

"Intrastate 'users' with whom we are concerned here are classified in Article 10.11(1) as follows:

'Non-Bonded Users are persons whose purchases of special fuels are predominantly for delivery by them into the fuel supply tanks of motor vehicles owned or operated by them.

'Bonded Users are persons whose purchases of special fuels are not predominantly for delivery by them into the fuel supply tanks of motor vehicles owned or operated by them.'

"This office has before it two audits made from the records of bonded suppliers of special fuels which show that said suppliers have sold special fuels tax free in large quantities to persons who were operating in the capacity of bonded users, as classified above, but such persons were not licensed or did not hold permits as bonded users, which would have enabled them to purchase special fuels tax free.

"In one case, the supplier entered into an arrangement with the user to consign the special fuels to him and, after the fuel was used, he collected the tax from the user only on the fuel that said user was presumed to have delivered into the fuel supply tanks of his motor vehicles for use on the highway - which was not supported by records which a user is required to keep.

"In the other case, the supplier merely sold and delivered the special fuels tax free to a user whom he thought was licensed as a bonded user and was reporting and paying the tax on the highway use as a bonded user is required to do by Article 10.13(4).

"Since Article 10.03(3), quoted above, places the collection of the tax by the supplier upon each gallon of special fuels delivered to non-bonded users, this office has construed the law to mean that the supplier must collect the tax on all deliveries made to any person operating in the capacity of a non-bonded user as classified by Article 10.11 - which, if correctly construed, would require collection of the tax on special fuels delivered to a non-bonded user by consignment or otherwise.

"In these cases, the suppliers sold and delivered special fuels to users who were operating in the capacity of bonded users as classified by Article 10.11, but who were not licensed as bonded users, which made the sales unlawful under the terms of Article 10.06, above cited.

"Our questions are therefore as follows:  Does
Article 10.03(3), cited above, require a supplier to
collect the tax on all special fuels delivered to
statutorily defined dealers or users who are not
bonded, or does it require the supplier to collect
the tax only on deliveries made to dealers and users
who are acting in the capacity of non-bonded dealers
or non-bonded users as classified by Article 10.11(1)
of the law?

"If you answer that said supplier is required
to collect the tax only on deliveries made to users
acting in the capacity of non-bonded dealers and users
as classified by the said Article 10.11, then, will
making of bulk sales of special fuels to persons acting
in the capacity of bonded dealers and users who are not
so licensed as bonded dealers or bonded users make the
supplier liable for collection and payment of the tax
to the State on such unlawful deliveries?  Or, will
such supplier merely be liable to punishment under the
civil and criminal penalties of the law for such sales?"

Article 10.03(3) places a mandatory duty upon every
supplier to collect the tax on each gallon of special fuels
delivered to non-bonded dealers or non-bonded users and to
report and pay to the State the tax so collected.  We are
therefore in accord with your construction that the supplier
must collect the tax whether the special fuels were delivered
to the non-bonded user or non-bonded dealer by consignment
or otherwise.

We are further of the opinion that the tax must be
collected even when said dealers and users were acting in
the capacity of bonded dealers and bonded users but had not
been properly licensed.  This for the reason that said dealers
and users were in fact non-bonded since they were not properly
licensed.

Since the suppliers in the cases under consideration
have failed to perform the mandatory duty of collection imposed
by Article 10.03 and since the sales were therefore unlawful
under Article 10.06, we think the suppliers are liable to the
State for the amount of taxes due at the time of said deliveries.
We are not here concerned with any possible recourse they may
have against the parties to whom the unlawful deliveries were
made.

Honorable Robert S. Calvert, Page 5    Opinon No. (C-328)

Article 10.18 provides, in part, as follows:

"(1)  If any person affected by this Chapter
shall fail or refuse to comply with any provision
of this Chapter or shall violate the same, or shall
fail or refuse to comply with any rule and regulation
promulgated hereunder by the Comptroller or shall
violate the same, he shall forfeit to the State of
Texas as a penalty the sum of not less that Twenty-
five Dollars ($25) nor more than Five Hundred Dollars
($500). . . .Provided that in addition to such pen-
alties, if any supplier, dealer or user does not make
remittance for any taxes collected, or pay any taxes
due the State of Texas by said supplier, dealer or
user, within the time prescribed by law said supplier,
dealer or user shall upon the first offense forfeit
two per cent (2%) of the amount due; and if said taxes
are not paid within ten (10)days from the date of
notice in writing by the Comptroller that any taxes
have not been reported and paid, an additional eight
per cent (8%) shall be forfeited; provided that upon
each subsequent offense during any calendar year of
failing to remit taxes collected or due the State
within the time prescribed by law, such supplier,
dealer or user shall forfeit twenty-five per cent
(25%) of the amount due.  All past due taxes and
penalties shall draw interest at six per cent (6%)
per annum.

    ". . ."

The suppliers are likewise subject to the penalties
provided by the provisions above quoted.

Article 10.23 provides penalties in those cases in which
the taxes have been collected but willfully not paid to the
State.  Its provisions are therefore not applicable here.

                SUMMARY

Every supplier must collect the tax on
all special fuels delivered to non-bonded dealers
or non-bonded users and pay to the State the tax
collected.  The tax must be collected whether de-
livery was by consignment or otherwise and even in

cases when said dealers and users were acting
in the capacity of bonded dealers and bonded
users but had not been properly licensed.
Suppliers who fail to collect taxes due the State
are liable to the State therefor and are likewise
subject to the penalties imposed by Article 10.18,
V.C.S.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: Marietta McGregor Payne
Marietta McGregor Payne
Assistant Attorney General

MMcGP:sjl

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Arthur Sandlin
Roy Johnson
J. H. Broadhurst

APPROVED FOR THE ATTORNEY GENERAL
By:  Roger Tyler